TIMOTHY J. LOGAN AND LAURA A. BRYAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Logan v. Commissioner
Docket No. 5614-92
United States Tax Court
T.C. Memo 1994-445; 1994 Tax Ct. Memo LEXIS 471; 68 T.C.M. (CCH) 658; August 31, 1994, Filed *471 Decision will be entered under Rule 155. Laura A. Bryan, pro se. For respondent: Marion T. Robus. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in petitioners' Federal income tax for 1987 and 1988 as follows: Additions to Tax
Sec.
Sec. Sec.
Sec.
6653
6653
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
(a)(1)(A) (a)(1)(B)
6661
1987
$ 28,434
$ 2,531.69
--  $ 1,792.65
[1]
$ 7,108.0
1988
$ 13,891
--  $ 927.85
--
-
--  After stipulations and concessions, the sole issue for decision is whether petitioners are entitled to charitable contribution deductions in 1987 and 1988 for the fair rental value of the portion of their garage that was used to house a county fire engine. We hold that they are not so entitled. Due to concessions by both parties, a Rule 155 [1] calculation will be necessary. *472 FINDINGS OF FACT The parties submitted this case partially stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time their petition was filed, petitioners resided in La Honda, California. Petitioners are married and filed joint Federal income tax returns for both years at issue. Petitioners are volunteer members of the Middleton Tract Volunteer Fire Department (hereinafter MTVFD). MTVFD is an organization to which contributions are deductible pursuant to section 170(c). Engine 27, a fire engine, is owned by San Mateo County, maintained by the California Division of Forestry, and assigned for use to MTVFD. Engine 27's service area is roughly 20 square miles in size, and includes several homes, a State park, a county park, and a correctional facility. Engine 27 was stationed in petitioners' garage during the years at issue. There was no written instrument or conveyance of property between petitioners and MTVFD, California Division of Forestry, or San Mateo County, regarding this arrangement. Petitioners built their garage during the early 1980s at a cost of approximately $ 100,000. A portion of this cost was attributable *473 to architectural features required by the size and weight of Engine 27. The parties have stipulated that the fair rental value of the portion of petitioners' garage occupied by Engine 27 is $ 8,280 per year. Petitioners seek to deduct this amount as a charitable contribution in each of the years at issue. On December 13, 1991, respondent issued a statutory notice of deficiency to petitioners. In the notice respondent determined deficiencies in and additions to petitioners' 1987 and 1988 Federal income tax regarding the disallowance of Schedule A, Schedule C, and Schedule E deductions. OPINION Respondent argues that petitioners are not entitled to charitable contribution deductions for space contributed to MTVFD because petitioners contributed less than their entire interest in the garage. Petitioners contend that they are entitled to the deduction because they donated the right to use their garage on an exclusive, daily basis, and this constituted an undivided portion of their entire interest in the property. Petitioners also assert that their donation should be recognized as a qualified conservation contribution, and therefore should be deductible. Generally speaking, deductions *474 are a matter of legislative grace, and taxpayers have the burden of proving that they have met all specific requirements. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Welch v. Helvering, 290 U.S. 111 (1933). These rules apply to deductions claimed for charitable contributions. Davis v. Commissioner, 81 T.C. 806, 815 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). Section 170(a) allows a deduction for any charitable contribution made during a taxable year. Section 170(a) is limited by section 170(f)(3), which provides: (3) DENIAL OF DEDUCTION IN CASE OF CERTAIN CONTRIBUTIONS OF PARTIAL INTERESTS IN PROPERTY. -- (A) IN GENERAL. -- In the case of a contribution (not made by a transfer in trust) of an interest in property which consists of less than the taxpayer's entire interest in such property, a deduction shall be allowed under this section only to the extent that the value of the interest contributed would be allowable as a deduction under this section if such interest had been transferred in trust. [2]For *475 the purposes of this subparagraph, a contribution by a taxpayer of the right to use property shall be treated as a contribution of less than the taxpayer's entire interest in such property. [Emphasis added.] (B) EXCEPTIONS. -- Subparagraph (A) shall not apply to -- (i) a contribution of a remainder interest in a personal residence or farm, (ii) a contribution of an undivided portion of the taxpayer's entire interest in property, and (iii) a qualified conservation contribution. Section 1.170A-7(a)(1), Income Tax Regs., states "a contribution of the right to use property which the donor owns, for example, a rent-free lease, shall be treated as a contribution of less than the taxpayer's entire interest in such property." Prior to the enactment of section 170(f)(3), the conveyance *476 of rent-free use and occupancy of real property qualified as a deductible charitable contribution to the extent that it created a legally enforceable, present interest in property. See, e.g., Thriftimart, Inc. v. Commissioner, 59 T.C. 598 (1973), remanded on other grounds by order of the Court of Appeals for the Ninth Circuit dated December 10, 1975. Congress perceived that the taxpayer enjoyed a double benefit from such a deduction; he or she was able to exclude from income the receipts forgone as a result of the donation, and to further reduce income by deducting the fair rental value of the property donated. See H. Rept. 91-413 at 57 (1969), 1969-3 C.B. 200, 237; S. Rept. 91-552 at 83 (1969), 1969-3 C.B. 423, 477. To limit the effect of this double benefit, Congress added section 170(f)(3) to the Internal Revenue Code by the Tax Reform Act of 1969, Pub. L. 91-172, sec. 201(a), 83 Stat. 487, 556. See Stark v. Commissioner, 86 T.C. 243 (1986); Peters v. Commissioner, T.C. Memo. 1976-170. The instant case falls squarely within the *477 ambit of section 170(f)(3)(A), as explained by section 1.170A-7(a), Income Tax Regs. Petitioners' rent-free lease to MTVFD was a donation of a mere right to use their garage. As such, it must be treated as a contribution of less than petitioners' entire interest in the property. To allow otherwise would give petitioners the double benefit of excluding the rent forgone from their income, and reducing that income further by deducting the fair rental value of the garage space occupied by Engine 27. Moreover, this case does not fall into any of the exceptions listed in section 170(f)(3)(B). Petitioners' argument, that the right to use is "an undivided portion" of their entire interest as defined in section 170(f)(3)(B)(ii), is without merit. Section 1-170A-7(a)(1), Income Tax Regs., clearly mandates that the right to use petitioners' garage, irrespective of the frequency and exclusivity of that right, is not an undivided portion of petitioners' ownership interest in that garage. Petitioners' argument that they made a qualified conservation contribution, pursuant to section 170(f)(3)(B)(iii), is likewise unpersuasive. Section 170(h) requires, inter alia, that a qualified conservation *478 contribution be made exclusively for conservation purposes. While petitioners' donation indeed furthers conservation and the protection of wildlife and outdoor recreational areas, conservation is not its exclusive purpose. We recognize and commend petitioners' civic contribution to their community. However, we are constrained to hold that petitioners are not entitled to charitable contribution deductions in 1987 and 1988 for the fair rental value of the portion of their garage that was used to house Engine 27. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. 50 percent of the interest due on the portion of the underpayment attributable to fraud.↩
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated.↩
2. Sec. 170(f)(2) and sec. 1.170A-6(b) and (c), Income Tax Regs.↩, permit a charitable deduction for property placed in trust in certain limited circumstances of income or remainder interests. Neither circumstance is present here.